Good morning, Your Honors. May it please the Court, my name is Nicholas Ronjohn. I'm here to ask two minutes for rebuttal. The issue before this Court is whether a habeas petitioner who has filed a petition containing only unexhausted claims may nonetheless obtain a stay of that petition so that he can return to state court to exhaust his claims. The benefit of a stay rather than dismissal of the claims is that a stay will tow the one-year AEDPA statute of limitations. In many cases there will be no real practical difference between a stay and a dismissal because under AEDPA section 2244 D2, a properly filed state collateral application will in any event hold the statute of limitations. There are, however, cases like this one where a stay will make all of the difference. You really think there's no difference? Supposing the Heleva case was before the Supreme Court at the same time that the Court decided the Rines case. What do you think the Supreme Well, I would hope that the Supreme Court would have granted the stay or at least extended the stay in abeyance procedure to Mr. Heleva's case, albeit a fully unexhausted petition. Well, in the Rines case, the petitioner in that case had exhausted some of the claims and some of the claims were unexhausted. So that person qualified for stay in abeyance. But Heleva has exhausted none of his claims. That is correct. Heleva has not done any work in the state court system. So in his case, doesn't he run directly against the purposes of AEDPA to get things moving along? I don't think so, Your Honor. I mean, I think you have to look at the purpose of the total exhaustion requirement for Setforth and Rose v. Lundy, which of course preceded AEDPA. And I think the Court in Rose and the Court in Rines reiterated this, that the purpose of the total exhaustion requirement, one of the twin purposes of AEDPA, is not to unreasonably impair a petitioner's right to relief. And I think if Mr. Heleva was before the Supreme Court at the time of Rines with his fully unexhausted petition, I think the Supreme Court's decision there, I think the Supreme Court would have applied the stay in abeyance procedure to Mr. Heleva's petition. But if the rule you're following, if we follow your logic all the way through, then a person who exhausts all of his claims would be on exactly the same footing as a person who exhausts none of his claims. How does that jive with AEDPA? I think it jives with AEDPA because you still, the person who has exhausted none of his claims, all of his claims or some of his claims, nonetheless would have to show good cause for the stay. It's not like a stay would be kind of granted as a matter of course. And so I think if you look at Rines, the court in Rines set forth a procedure for stay in abeyance and said you have to show good cause. But the court there also went into some detail in terms of what would or wouldn't be an abuse of discretion. And so the Supreme Court instructed district courts to look at the merits of the claims. If they are plainly lacking in merit, then the claims could be dismissed outright. If the petitioner is being abusive or requesting the stay for dilatory reasons, then likewise the stay should be denied. So I think the, I'm sorry, Judge Fontes. Well the Supreme Court was very explicit in Rines. It said that mixed petitions qualify for stay in abey. But it restricted its ruling to mixed petitions. So what are you presenting to give us some comfort that your unmixed petition is entitled to stay in abeyance? Two things. One is, and we cited this case in our brief, Pace v. DiGuglielmo also decided the same term as Rines. And in Pace, the Supreme Court noted that petitioners who are unsure about the limitations period, unsure about what can and cannot toll the statute of limitations can always file what the court in Pace referred to as a protective habeas petition. Well I think the court in Pace acknowledged the Rines case, but did it really expand it? I read Pace as not so much an expansion of Rines, but perhaps further explanation of Rines. I think, you know, no doubt that Rines was a mixed petition, as was Pace. But I think if you read Rines, the Supreme Court in Rines did not cite a mixed petition as one of the cases to stay. I think it just so happened to be a mixed petition case. But I think the Supreme Court in Pace opened up the possibility of applying Rines to fully unexhausted petitions. There's nothing in Pace limiting its holding to mixed petitions, but only to petitions where there are reasonable statute of limitations concerns, as I think are in this case. If we assume that Rines applies, as you said, you have to show some kind of extraordinary circumstances, right? Good cause, Your Honor. And second, you have to show some merit. That's correct. I think the Supreme Court in Rines said plainly lacking in merit. What is your good cause? The good cause here, I think, one would be that just the interplay of PCRA statute ENPA and the one day that Mr. Haleba has after the exhaustion of his PCRA. No, but how did he get to the point where he only has one day? Well, I guess this goes to sort of my second point. His trial attorney, I believe, was inattentive in filing his PCRA petition, waiting until the last day to file the PCRA petition. I know in some circuits, or at least among some district courts, ineffectiveness of post-conviction counsel in that regard is considered good cause. Isn't that a factor that is more appropriately considered in equitable tolling, rather than stay and obey? Certainly. I think it can be considered in both contexts. I think equitable tolling, though, is obviously an imperfect remedy because it is after the fact. And it poses a risk for a petitioner who would have to come in with an untimely petition and ask the court for equitable tolling. But I read this court's recent decision in Urkinole to actually encourage stay and abeyance before equitable tolling. I think this court found that it did not want to expand equitable tolling and noted towards the end of the opinion that it would not be doing so because there are these other procedures, including Rines's stay and abeyance procedure. To follow up on Judge Tachima's question, if we agree with your legal argument, wouldn't the appropriate action be to remand to the district court for finding there in the first instance where the good cause existed? I think that probably would be the right decision. I know in our brief we asked this court to remand with basically instructions to implement the stay and abeyance. I think that the reason we asked for that is because, from the record, I think it's clear that there is good cause and that the district court wouldn't have to determine that. I'm not opposed to the district court to make that determination because it's obviously within its purview whether to exercise that discretion. Did you address the showing of merits? In our brief here or below? Both. I don't think below Mr. Haleba, who was pro se at the time, specifically addressed that his claim had merit. Are there two claims? There are principally two claims. I mean, you have to sort of discern his pro se petition, but the way I read it is that he has raised a Sixth Amendment ineffective assistance of counsel claim premised on, among other things, that his trial counsel failed to file a brief in his direct appeal and then a Sixth Amendment speedy trial right claim where he claims that he did not knowingly waive his speedy trial rights. And to answer your question, I don't think those, you know, the merits of those claims were directly presented to the district court. I don't think the district court ever considered the merits of those claims. There's one Court of Appeals case that has addressed this issue, Raspberry versus Garcia, out of the Ninth Circuit, and it runs directly against you. Well, I know Raspberry versus Garcia, and I don't believe it runs directly against us. I think in Raspberry versus... No, it rejected the application to apply, stay, and obey to an unmixed petition. Well, in Raspberry, what you had was a petitioner who had basically a mixed petition, but he neglected to include his fully, his exhausted claims in his petition. So he gave the district court basically a petition with only unexhausted claims and then asked for a stay and abeyance. And in Raspberry, I believe that the Ninth Circuit, the petitioner, and the respondent were all assuming that the stay and abeyance procedure applied to mixed petitions. And so the Ninth Circuit, under that assumption, found that, well, we're not going to require district courts to try to figure out, look at a habeas petition, see that it's unexhausted, and try to figure out what exhausted claims were left off of that petition. They thought that, I think the Ninth Circuit found that that was too burdensome. Hard to tell from that case whether it's a holding or not, isn't it? Yes, I agree. Like a lot of Ninth Circuit cases. And there is some confusion, I think, amongst district courts in the Ninth Circuit on that case. I've seen several district court decisions that basically find that, you know, Raspberry ties our hands, whereas other ones, I think there's a district court decision in the District of Nevada, reached the opposite conclusion. But I would also say that I don't think Raspberry is the only circuit court that has addressed this. I think the Seventh Circuit has also addressed the question of a fully unexhausted habeas petition. Do you have a case name? Yeah, Dulles v. Chambers, 454 F. 3rd, 721. In that case, the issue in that case admittedly was a jurisdictional issue, but it was a fully unexhausted petition. And at the end of the court's opinion in that case, the Seventh Circuit said that we actually encourage petitioners to simultaneously file their state collateral application. Help me out. Why would they say a fully exhausted petition? Well, where there are statute of limitations concerns. And I think this court noted that concern in Cruz v. Horn when it said there's a certain amount of judicial efficiency to getting these statute of limitations questions off of the table in the first instance, rather than litigating the statute of limitations over and over. And so the Seventh Circuit has encouraged petitioners to file their state collateral application, file their federal protective habeas petition, citing Pace and Rines, and then ask the district court for a motion for a stay all at the same time. There's another case from the Southern Circuit, also Tucker v. Kingston. In that case, also a fully unexhausted petition. The court didn't reach the question of whether a stay should be granted, noting that the petitioner never asked for a stay there, but implicit in the court's decision was that a stay could be made in a case of a fully unexhausted habeas petition. The purpose of that is one of the purposes, primary purpose is finality. Correct. Which gives rise to the one-year statute of limitations. How do we accommodate your concern for basically holding off on deciding your claims, given the purposes of it? Sure. Well, I think finality definitely is one purpose, but I don't see how granting a petitioner a stay would necessarily undermine that finality. The idea of finality, too, has to be taken into account with ADPA's total exhaustion requirement. And in this case, we're not asking for the federal proceedings to be prolonged. We're just asking for time to come back to federal court after the exhaustion of our state court remedies to have a chance to present these claims to a federal court. I don't think finality would be jeopardized. Mr. Ranjan, we'll get you back on rebuttal. Thank you. Thank you. Mr. Marsh? Good morning, Your Honor. If the court please, my name is James Marsh, and I'm here to represent the appellee today. Your Honor, I have gone over this case with the district attorney of our county, as well as the author of the brief in this case. And obviously, you can see from Mr. Ranjan's brief that this is a very convoluted situation. But there's one thing that we do know, and that is there's no finality out of the state court system. And I would feel it would be not honest with the court for me to stand here and say to Mr. Haleva, look, your lawyer didn't file a brief when he was given an extended period of time to do this. And the court, the Superior Court of Pennsylvania, in effect threw out your case, and that's too bad for you. I don't think our system of justice should function under those circumstances. And so given these facts, if the court decides to grant the appellant's position or his motion, then that means if it would be sent back to the state court, then the Commonwealth would not be prejudiced by this. We would be doing pretty much what we have done or would have been doing had the attorney filed his brief and not had the case thrown out. And under those circumstances, then we are not prepared today to contest the request of the appellant. You're pretty much acknowledging the problems that Mr. Haleva had in this case. Sorry? You're acknowledging the problems that the petitioner had in this case and the deficient, if we can say deficient, representation by counsel. And you think that under those circumstances, the Commonwealth should not oppose the application? Yes, sir. All right. Thank you for your candor. You're welcome. You shouldn't say anything. What? I'm just grabbing my stuff. You want to open the door? No, no. Unless the court has any questions, I obviously don't have anything to report. I don't. But I do want to thank you on behalf of the court. I understand you're pro bono. Yes, you are. And in that case, I want to express our appreciation. You did a great job in the brief and argument. Thank you.   And thanks to you, Mr. Marsh. I appreciate your comments. Thank you. Thank you. Thank you. Thank you. Thank you.